IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| FRANCIS GRANDINETTI, #A0185087, | ) ) ) | CIV. NO. 19-00384 JAO-KJM |
|---|---|---|
| Petitioner, | ) ) ) | DISMISSAL ORDER |
| vs. | ) ) ) | |
| CIRCUIT COURT OF THE THIRD CIRCUIT, *et al.*, | ) ) ) ) | |
| Respondents. | ) ) | |

Before the Court is pro se Petitioner Francis Grandinetti's pleading entitled: "AEDPA Federal Law, on Stay Application." ECF No. 1. Because Grandinetti is a Hawaii state prisoner and apparently seeks release from custody, the Court construes the pleading as a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 ("Petition"). Grandinetti seeks relief based on his assertion that the Prison Litigation Reform Act ("PLRA") and the Anti-terrorism and Effective Death Penalty Act ("AEDPA") are unconstitutional. *See id.*, PageID #1. Grandinetti attaches two recent Hawaii Supreme Court decisions denying his petitions for writ of mandamus and habeas relief, various prison medical and other requests, copies of envelopes, and letters as exhibits to the Petition.

## I. 28 U.S.C. § 2254

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rules") requires the court to make a preliminary review of each petition for writ of habeas corpus. The court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990).

To the extent Grandinetti alleges that he should be released because AEDPA is unconstitutional, his Petition is DISMISSED. Grandinetti unsuccessfully challenged his 1994 conviction in *Grandinetti v. State*, Civ. No. 05-00254 DAE (D. Haw. 2005) (dismissing petition with prejudice as time-barred). He may not challenge his conviction or sentence again, until he receives authorization from the appropriate court of appeals allowing the district court to consider his second or successive application. *See Burton v. Stewart*, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper

authorization from a court of appeals. *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998)). Nothing within Grandinetti's documents suggests that he challenges the revocation of parole or probation, to which he might raise a habeas claim for relief that would not require appellate authorization as second or successive. This Court therefore lacks jurisdiction to consider the Petition.

Moreover, Grandinetti's allegation that the AEDPA is unconstitutional, is wholly frivolous and cannot entitle him to habeas relief. *See Felker*, 518 U.S. at 661-62 (holding AEDPA does not act as "suspension of the Writ"); *Duhaime v. Ducharme*, 200 F.3d 597, 601 (9th Cir. 2000) (holding "§ 2254(d)(1) does not suffer from any Article III constitutional infirmities"); *Crater v. Galaza*, 491 F.3d 1119, 1125-26 (finding AEDPA modifies preconditions for habeas relief but does not remove the courts' jurisdiction over habeas petitions).

Grandinetti's Petition is DISMISSED without prejudice until he obtains authorization from the United States Court of Appeals for the Ninth Circuit to proceed in this court. To the extent a certificate of appealability is required, it is DENIED.

## II. 42 U.S.C. § 1983

Grandinetti has accrued three strikes under 28 U.S.C. § 1915(g),[1] and may have labeled this pleading as seeking habeas relief to avoid the penalties imposed on his filings by 28 U.S.C. § 1915(g). *See Andrews v. King*, 398 F.3d 1113, 1122-23, n.12 (9th Cir. 2005) (recognizing that some habeas petitions are civil rights actions mislabeled as habeas petitions to avoid § 1915(g)'s penalties) ("*Andrews I*"). Grandinetti may not bring a civil action without complete prepayment of the filing fee, however, unless he plausibly alleges that he was in imminent danger of serious physical injury at the time he filed his pleading. *See id.*; *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*").

To the extent Grandinetti asserts a cause of action under § 1983, based on his allegation that the PLRA is unconstitutional, he alleges no facts showing that he is in imminent danger of serious physical injury and this claim is frivolous. *See Taylor v. Delatoore*, 281 F.3d 844, 848 (9th Cir. 2002). Grandinetti may not proceed in forma pauperis in this action if he is alleging claims under § 1983.

## III. CONCLUSION

To the extent Grandinetti seeks habeas relief, his Petition is DISMISSED

---

[1] *See, e.g.*, *Grandinetti v. FTC Seg. Unit Staff*, 426 F. App'x 576 (9th Cir. 2011); *Grandinetti v. Abercrombie*, Civ. No. 15-00007 LEK-RLP (D. Haw. 2015); *Grandinetti v. Stampfle*, Civ. No. 05-00692 HG-LK (D. Haw. 2005).

without prejudice for lack of jurisdiction.  Any request for a certificate of appealability is DENIED.

To the extent Grandinetti raises claims under 42 U.S.C. § 1983, he may not proceed in forma pauperis.

The July 17, 2019 Deficiency Order is VACATED.

The Clerk is DIRECTED to terminate this case.  The Court will take no further action in this suit beyond processing any notice of appeal.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, August 1, 2019.



  /s/   Jill A. Otake_____
Jill A. Otake
United States District Judge

*Grandinetti v. Cir. Court of the Third Circuit*, No. 1:19-cv-00384 JAO-KJM; habeas '19, 2d Scsv  (2d Scsv. friv. no IFP if 1983 no imm  dgr)